Charles F. and Eleanor Jeffrey v. Commissioner.
Jeffrey v. Commissioner
Docket No. 30918.
United States Tax Court
1953 Tax Ct. Memo LEXIS 247; 12 T.C.M. (CCH) 534; T.C.M. (RIA) 53173; May 20, 1953
*247 Robert Lloyd Jeffrey, Esq., for the petitioners. Mark Townsend, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency of $192.58 in the income tax of the petitioners for 1948. The only issue presented is the correctness of the respondent's disallowance of a deduction of $1,172.16 taken as a fire loss. Findings of Fact The petitioners are husband and wife and filed their joint income tax return for 1948 with the collector for the district of Nebraska. On May 15, 1941, the petitioners experienced a fire in their home which completely destroyed their clothing, jewelry, groceries, furniture and other household and personal effects, none of which were employed in a trade or business. Some of the items destroyed were comparatively new and the others were older. The value of the destroyed property immediately preceding the fire was $1,200. On the destroyed property the petitioners carried fire insurance in the amount of $1,000 with the Niagara Fire Insurance Company of New York City. Following the fire the petitioners attempted to obtain a settlement from the insurance company as to their loss *248 but were unable to do so. Thereupon, they employed counsel, brought suit and obtained a judgment against the company. The judgment having been set aside and their counsel having become incapacitated, the petitioners employed new counsel to whom they paid $150 in 1946 and who brought another suit against the company. Settlement of this suit was made out of court, and on April 27, 1948, the company paid the petitioners $277.84 in full settlement of all matters and claims arising under the insurance policy. In their income tax return for 1948 the petitioners deducted $1,172.16 as the loss sustained by them from the destruction of the property by fire in 1941. In determining the deficiency the respondent disallowed the entire deduction. Opinion The respondent contends that the petitioners have failed to substantiate the amount of loss, if any, sustained by them as a result of the fire. The basis for determining the amount of loss sustained through casualty to property not used in a trade or business is the value of the property immediately before the casualty. . We have found that the value of the petitioners' property immediately before *249 the fire was $1,200 and further that the property was completely destroyed by the fire. Since the petitioners received $277.84 in the settlement with the insurance company but had paid an attorney $150 to represent them, the net amount recovered was only $127.84. The amount of the petitioners' loss, therefore, was the difference between $1,200 and $127.84, or $1,072.16. The respondent further contends that any loss sustained by petitioners was sustained in 1941, the year of the fire, and therefore was not deductible in 1948, the year of recovery on the insurance policy. However, the petitioners, relying on, among others, , affirming an unpublished decision of the Tax Court, and , contend that until 1948 they did not know whether, or to what extent, they had a right to be compensated for the loss that had occurred and therefore their loss was properly deductible in 1948. The respondent recognizes that the cases relied on by petitioners are contrary to his position here but contends that they were incorrectly decided. The instant loss resulted from a fire which occurred in 1941. *250 The petitioners claimed the right to be compensated therefor by insurance. The insurance company neither admitted nor settled its liability until 1948 when partial liability was agreed to and satisfied. Until 1948 the existence of the loss was, as to the petitioners, an open question. Such being the situation, we think that, under the rule of the cases relied on by petitioners, their loss was sustained in 1948 and was deductible in that year. As an alternative contention, the respondent contends that any loss determined in excess of the maximum insurance coverage, $1,000, was sustained in 1941 in a fixed and determinable amount and, therefore, was deductible only for that year. A similar contention was advanced by respondent in the Harwick case and there decided adversely to him on the ground that in the year the casualty occurred the taxpayer did not know whether he would collect any insurance or not and, hence, the amount of the loss was unascertainable until the year of settlement. The reasoning in that case is applicable here. Accordingly, the respondent's alternative contention is denied. Decision will be entered under Rule 50.